IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAROLD A. GAINES            :

   v.                      :   Civil Action No. DKC 18-0776

U.S. POSTAL SERVICES DOWNTOWN
DELIVERY ANNEX BALTIMORE, MD :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Harold Gaines, proceeding *pro se*, commenced this action on March 14, 2018, seeking to appeal the decision of the United States Department of Labor Employees' Compensation Appeal Board ("ECAB") dismissing his appeal of a purported decision of the United States Department of Labor Office of Workers' Compensation Programs ("OWCP").[1] On March 20, the court issued an order directing Plaintiff to show cause why his complaint should not be dismissed for lack of subject matter jurisdiction.[2] (ECF No. 2). The order explained that section 8128(b) of the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8128(b), precludes judicial review of federal workers' compensation determinations except when a plaintiff alleges that

---

[1] The ECAB dismissed Plaintiff's appeal because there was "no final adverse decision issued by OWCP over which the [ECAB] may properly exercise jurisdiction." (ECF No. 1-1, at 2).

[2] The court has an independent duty to satisfy itself of its own subject matter jurisdiction and may raise the issue *sua sponte*, even where the defendant does not directly challenge it. *See Andrus v. Charlestone Stone Prods. Co., Inc.*, 436 U.S. 604, 608 n.6 (1978).

the agency's decision violates a 'clear statutory mandate,' *Hanauer v. Reich*, 82 F.3d 1304, 1307-09 (4th Cir. 1996), or the employee's constitutional rights, *Lepre v. Dep't of Labor*, 275 F.3d 59, 67 (D.C. Cir. 2001). Plaintiff's complaint did not identify a statutory provision or constitutional right violated by the ECAB decision. After Plaintiff failed to show cause why his complaint should not be dismissed for lack of subject matter jurisdiction, the court dismissed his complaint on May 24, 2018. (ECF No. 4). On June 4, Plaintiff filed the pending motion for reconsideration. (ECF No. 5).

A motion for reconsideration filed within 28 days of the underlying order is governed by Fed.R.Civ.P. 59(e). Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): "(1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). "In general,

'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright, et al., § 2810.1, at 124).

Plaintiff's motion does not address any of the grounds for reconsideration under Rule 59(e). As previously mentioned, the futile issue with Plaintiff's complaint was that FECA precludes this court from reviewing the decision of the ECAB to dismiss Plaintiff's appeal unless the agency's decision violates a clear statutory mandate or Plaintiff's constitutional rights. Plaintiff's complaint did not identify a statutory provision or constitutional right violated by the ECAB decision and, thus, the court does not have jurisdiction to review the decision. Plaintiff appears to disagree with the court's Order but "mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

Accordingly, it is this 11th day of June, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 1) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit a copy of this Memorandum Opinion and Order directly to Plaintiff.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge

3